UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Deon Demetrius Jenkins, # 286150, | ) C/A No. 9:09-2000-HFF-BM |
| Petitioner, | ) ) ) ) |
| vs. | ) **Report and Recommendation** ) |
| ~~Jon Ozmint;~~ ~~Henry McMasters;~~ Robert M. Stevenson III, Warden of Broad River Correctional Institution, | ) ) ) ) ) |
| Respondent. | ) |

*Background of this Case*

The petitioner is an inmate at the Broad River Correctional Institution, part of the South Carolina Department of Corrections. He is serving the last 356 days of concurrent six and one-half year sentences for second-degree criminal sexual conduct and assault and battery with intent to kill (Indictment No. 01-GS-29-232 and Indictment No. 01-GS-29-898). His convictions were entered in the Court of General Sessions for Lancaster County on August 6, 2002, pursuant to a guilty plea.

In the above-captioned case, the petitioner states that he is not challenging his convictions, but is challenging matters pertaining to his community supervision. The petitioner was

1



released on community supervision on October 1, 2007, but was later arrested on November 23, 2008, on a community supervision violation warrant.  On June 26, 2009, the petitioner's community supervision was revoked and he was returned to the  South Carolina Department of Corrections to serve the remaining 356 days left on his sentence.  *See* Petition, at page 5.  *See also* the petitioner's inmate information on the SCDC website (www.doc.sc.gov), which indicates that his sentence start date is June 16, 2009, and his projected release date is June 7, 2010.

The petitioner indicates that he has matters pending before the South Carolina Court of Appeals and the Supreme Court of South Carolina, including a direct appeal of the revocation of his community supervision.  The matter pending before the Supreme Court of South Carolina is a habeas petition.

The petitioner raises four (4) grounds in his petition.  Those grounds are: *(I)* the petitioner did not receive all the jail credit to which he is entitled to be credited toward his sentence; *(II)* the petitioner's "Community Supervision Sentence of 356 days exceeds the sentence initially imposed" by the court; *(III)* misinterpretation by sentencing court of law governing community supervision; and *(IV)* community supervision was unlawful and illegal because "Probation" changed sentencing by requiring petitioner to attend class not ordered by the court.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden,*



*Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As the petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even when considered under this less stringent standard, however, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to his convictions and sentences, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986) (exhaustion

---

[1] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



required under § 2241). The exhaustion requirements under § 2254 are fully set forth in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts.
> 
> . . .
> 
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
> 
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

*Matthews v. Evatt*, 105 F.3d at 910-911 (citations omitted from quotation).

Since the petitioner's direct appeal from his sentence for his community supervision is pending before the South Carolina Court of Appeals, it is clear that the petitioner has not exhausted his state court remedies. A direct appeal is the first step after a South Carolina prisoner is convicted; *State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873 (2007); and it is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-52 (1989). Moreover, challenges to revocation of community supervision are cognizable on a direct appeal, *see State v. McGrier*, 378 S.C. 320, 663 S.E.2d 15 (2008) (*held*: Community Supervision Program statute providing that defendant may be required to serve additional periods of community supervision for successive revocations was unconstitutional), and in a collateral attack, *Bennett v. State*, 380 S.C. 215, 669 S.E.2d 594 (2008) (holding in *McGrier* is to be applied retroactively). The petitioner's habeas petition filed in the original jurisdiction of the Supreme Court of South Carolina



also does not satisfy the exhaustion requirement. *See Durkin v. Davis*, 538 F.2d 1037, 1041-42 (4th Cir. 1976).

Since the petitioner's direct appeal from the revocation of his community supervision is pending before the South Carolina Court of Appeals, this federal court should not keep this case on its docket while the petitioner is exhausting his state court remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

### *Recommendation*

Accordingly, it is recommended that the petition be dismissed *without prejudice and without requiring the respondent to file an answer*. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 U.S.Dist. LEXIS 4614, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court.").



The petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 7, 2009

Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

