

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| DEON DEMETRIUS JENKINS,<br>Petitioner,<br><br>vs.<br><br>ROBERT M. STEVENSON III, Warden of<br>Broad River Correctional Institution,<br>Respondent. | CIVIL ACTION NO. 9:09-2000-HFF-BM |

# ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the petition be dismissed without prejudice and without requiring Respondent to file an answer. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 7, 2009, and the Clerk of Court entered Petitioner's objections to the Report on August 14, 2009. The Court has reviewed Petitioner's objections, but finds them to be without merit. Simply stated, and as observed by the Magistrate Judge, "[w]ith respect to his convictions and sentences, the petitioner's sole remedies are a writ of habeas under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state remedies." (Report 3.) Hence, because Petitioner has failed to exhaust his state remedies in regards to his habeas claims, those claims must be dismissed without prejudice.

Petitioner also moves to supplement and amend his petition. Petitioner's request will be granted. Nevertheless, even with such amendment, his habeas corpus claims will still be dismissed for the reason stated above. As to Petitioner's claims that he is the victim of, among other things, "Malicious and Vindictive Prosecution and Unlawful Seizure of Property, and First and Fourth Amendment Violations" as well as retaliatory action by certain probation agents, (Objs. 4), these allegations are properly brought in a 42 U.S.C. § 1983 action, and not a habeas petition such as this. Thus, these claims will be dismissed without prejudice so that Petitioner can bring them in a § 1983 suit if he wishes to do so.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court that, as detailed herein, Petitioner's motion to supplement and amend his petition is **GRANTED** and his habeas petition is **DISMISSED** without prejudice and without requiring Respondent to file an answer.

The Clerk of Court is hereby directed to send another § 2254 packet to Petitioner for the filing of another petition once he has exhausted his state remedies. The Clerk shall also send to Petitioner a § 1983 packet so that he can pursue his § 1983 claims if he wishes to do so.

**IT IS SO ORDERED**.

Signed this 19th day of August , 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.